## H. W. FOOTE *v.* D. G. DISMUKES.

1. TAX-TITLE. *Unlawful detainer. Code* 1880, § 538. *Title not involved.*

   In an action of unlawful detainer, brought under § 538, code 1880, to re-
   cover land purchased at tax-sale, the action being purely possessory,
   inquiry as to the condition of the title at the time of the sale is imma-
   terial. It is no defense that the title was not in the defendant, but in
   his minor children entitled to redeem.

2. PRACTICE. *Reserving exceptions. When timely. Bill of exceptions.*

   Where a bill of exceptions sets out in order a motion to exclude defend-
   ant's evidence, the order overruling this, defendant's refused charges,
   a peremptory instruction for defendant and verdict and judgment,
   and then recites, "to all which rulings, charges and judgment the
   plaintiff excepts and tenders this his bill of exceptions, and asks that
   the same be signed and made a part of the record in this cause, which is
   accordingly done in open court," this sufficiently shows a timely reser-
   vation of exceptions to the several rulings and instructions.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

Appellant, H. W. Foote, having purchased certain land
at a sale for taxes, brought this action of unlawful detainer
in the justice court against D. G. Dismukes and George B.
Dismukes for the recovery of possession. In the circuit
court, to which the case was taken by appeal, no objection
was made, so far as the record shows, to the introduction of
the several deeds of the tax-collector under which plaintiff
claims. Defendant, D. G. Dismukes, who was the only wit-
ness for defendant, and the person to whom the land at the
time of sale for taxes was assessed, testified that the title at
the time of sale was in himself and his several minor chil-
dren, as heirs of his wife, their mother. He further testified
that, up to the time of her death, he had possession and con-
trol of the lands as her agent, and since her death held pos-
session for himself and children jointly.

The plaintiff moved the court to exclude the testimony of defendant in regard to the title of the land previous to the sale for taxes, which motion was overruled. Plaintiff then asked several instructions, which were refused, and a peremptory instruction was given for the defendant. Verdict and judgment accordingly, and plaintiff appeals.

In the bill of exceptions the objections to the rulings of the court and the giving of the charges are not separately noted, but, after setting out in proper order the motion to exclude the evidence, the order overruling it, the plaintiff's refused instructions, the peremptory instruction for defendant, and the verdict and judgment, the bill of exceptions concludes as follows: "To all which rulings, charges and judgment the plaintiff excepts, and tenders this his bill of exceptions, and asks that the same be signed and made a part of the record in this cause, which is accordingly done in open court." It is urged by appellees that the bill of exceptions does not show timely reservations of exceptions to the rulings of the court assigned for error.

*H. W. Foote*, appellant, *pro se.*

The testimony of defendant that the lands, when sold for taxes, belonged to himself and his minor children, as heirs of his deceased wife, was incompetent. That fact could not relieve the land from taxation. When the time for redemption expired, plaintiff's title became perfect, and he was authorized by statute to bring this action. The contention of the defendant that, as the larger undivided interest belonged to minor children, plaintiff did not acquire their title, and became, by his purchase at tax-sale, tenant in common with them, is untenable. The minority of the owners merely entitled them to redeem. It could not affect the sale, or the right of the purchaser to maintain this action.

*A. C. Bogle*, for appellee.

It is not contended that the bill of exceptions was not

filed in time. It does not appear that any exceptions were made at the proper time. The bill of exceptions states that exceptions are *now* taken. This was necessarily after the trial and the judgment. Clearly, it was plaintiff's duty to object to the several rulings at the time they were made. *Barney* v. *Scherling,* 40 Miss., 320; *Railroad Co.* v. *Ragsdale,* 51 *Ib.,* 447; *Williams* v. *Ramsey,* 52 *Ib.,* 851.

WOODS, J., delivered the opinion of the court.

It is impossible for us to imagine upon what theory of law the court below admitted the evidence of the defendant as to the condition of the title to the lands in his children. The action was possessory, under § 538, code of 1880. Who the delinquent tax-payers were was wholly immaterial; what their ages was equally immaterial. The minor children of the defendant were not parties to the suit; but, if they had been, their minority did not exempt their lands from taxation.

This manifest and fatal error is not attempted to be maintained by appellee's counsel; but his sole reliance for an affirmance rests upon objections to the bill of exceptions which are rather technical, and are unsupported by a fair interpretation of the record. It is sufficient to say we do not concur with counsel in his contention on this point.

Excluding the evidence of the defendant, as should have been done, the plaintiff, on the record before us, was entitled to have had a peremptory charge.

*Reversed and remanded.*